1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN LORENZO RANKIN,

11          Plaintiff,                    No. CIV 2:11-cv-0145-MCE-JFM

12      vs.

13   SUISIN POLICE DEP'T, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff seeks to proceed in forma

17   pauperis.  28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          A federal court must dismiss an action brought under 28 USC § 1915 at any time

23   if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief

24   may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

25   28 USC 1915(e)(2).

26   /////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff filed the instant complaint, brought pursuant to 42 U.S.C. § 1983, against the Suisin Police Department for making false allegations, for using excessive force, for mischievous conduct and for causing injuries by choking.  Plaintiff alleges that while he was riding his bicycle home from community college, he was pulled over by an unidentified Suisin police officer for failure to have lights and/or reflectors on the bicycle.  Plaintiff contends that during this stop and allegedly without provocation the officer placed plaintiff in a choke hold for approximately 25 seconds, after which plaintiff was placed under arrest.[1]  Plaintiff further

---

[1]  It is not clear from the face of the complaint whether plaintiff was placed in a choke hold twice, once for 25 seconds and once for 30 seconds, or whether he was placed in a choke hold only once, for 25-30 seconds.

1  contends that he sustained injuries due to the incident, and he went to the hospital for

2  examination.  Plaintiff asserts that the case against him was dismissed after one and a half years

3  in the Solano County Superior Court.  Plaintiff does not specify the relief he seeks.

4          Plaintiff brings suit against the Suisin Police Department, a municipal entity.

5  Generally, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where

6  official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436

7  U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the

8  unconstitutional acts of its employees under the theory of respondeat superior, see Board of

9  County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of

10  Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).  To impose municipal liability under § 1983 for a

11  violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a

12  constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)

13  that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)

14  that the policy is the moving force behind the constitutional violation.  See Plumeau v. School

15  Dist. # 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

16          Here, plaintiff has not alleged that the Suisun Police Department has a policy that

17  was the moving force behind the constitutional violation.  Additionally, it appears from the

18  complaint that plaintiff may have a cause of action against the individual officer who placed

19  plaintiff in a choke hold.   Leave to amend will be granted so that plaintiff may attempt to allege

20  a basis on which the municipal entity may be held liable and to name the individual officer.

21  Plaintiff is put on notice, however, that a single incident of unconstitutional activity is

22  insufficient to prove the existence of policy or custom.  Meehan v. County of Los Angeles, 856

23  F.2d 102, 107 (9th Cir. 1988).

24          Good cause appearing, IT IS HEREBY ORDERED that:

25      1.  Plaintiff's request to proceed in forma pauperis is granted;

26      2.  Plaintiff's complaint is dismissed; and

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;rank0145.ifpgrant