1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN LORENZO RANKIN,

11          Plaintiff,              No. CIV 2:11-cv-0145-MCE-JFM

12       vs.

13   SUISIN POLICE DEP'T, et al.,

14          Defendants.             ORDER

15   _____/

16          Plaintiff is proceeding pro se and in forma pauperis with an action filed pursuant

17   to 42 U.S.C. § 1983.  By order filed April 8, 2011, plaintiff's complaint was dismissed with leave

18   to file an amended complaint.  Plaintiff has now filed an amended complaint.

19          A federal court must dismiss an action brought under 28 USC § 1915 at any time

20   if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief

21   may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

22   28 USC 1915(e)(2).

23          A claim is legally frivolous when it lacks an arguable basis either in law or in

24   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

25   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26   indisputably meritless legal theory or where the factual contentions are clearly baseless.

1   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

2   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

3   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

4          A complaint, or portion thereof, should only be dismissed for failure to state a

5   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

6   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

7   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

8   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13         The court has reviewed plaintiff's amended complaint against the Suisin Police

14  Department, Eric Riley, Assisting Officer Andrew White, Office Arroyo, Officer Martinez and

15  Officer Sousa.  Upon review, the court finds that plaintiff has stated a claim against the arresting

16  officers, Arroyo, Sousa and Martinez.  As to the remaining defendants, plaintiff's amended

17  complaint fails for three reasons.  First, there are no charging allegations as to defendants Riley

18  or White.  Plaintiff attaches to his amended complaint a copy of the Evidence Report taken

19  following his arrest.  This document was signed by Eric Riley.  This, however, without more, is

20  insufficient to state a claim.  Second, as to the Suisin Police Department, plaintiff was previously

21  informed that, to impose municipal liability under § 1983 for a violation of constitutional rights,

22  plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2)

23  that the municipality had a policy; (3) that this policy amounts to deliberate indifference to

24  plaintiff's constitutional rights; and (4) that the policy is the moving force behind the

25  constitutional violation.  See Plumeau v. School Dist. # 40 County of Yamhill, 130 F.3d 432,

26  438 (9th Cir. 1997).  Plaintiff has again failed to make this showing.  Lastly, in his prayer for

1  relief, plaintiff seeks damages from defendants "for the removal and remediation costs and

2  related expenses and natural resource damage incurred and to be incurred by plaintiff."  <u>See</u> Am.

3  Compl. at 3.  These remedies are inapposite to the nature of the case at hand.

4        If plaintiff chooses to file a second amended complaint, plaintiff must

5  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

6  constitutional rights.  <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the second

7  amended complaint must allege in specific terms how each named defendant is involved.  There

8  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

9  between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362

10  (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

11  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

12  civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.

13  1982).

14        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading.  This is

17  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

18  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

19  original pleading no longer serves any function in the case.  Therefore, in a second amended

20  complaint, as in an original complaint, each claim and the involvement of each defendant must

21  be sufficiently alleged.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's amended complaint is dismissed; and

24        2.  Within thirty days from the date of this order, plaintiff shall complete the

25  attached Notice of Amendment and submit the following documents to the court:

26        a.  The completed Notice of Amendment; and

1        b.  An original and one copy of the Second Amended Complaint.

2    Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

3    Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

4    complaint must bear the docket number assigned this case and must be labeled "Second

5    Amended Complaint"; failure to file a second amended complaint in accordance with this order

6    may result in the dismissal of this action.

7        3.  If plaintiff does not file an amended complaint within thirty days of the date of

8    this order, this matter shall proceed on plaintiff's first amended complaint.

9    DATED: August 18, 2011.

10

11

12    UNITED STATES MAGISTRATE JUDGE

13    /014;rank0145.14am

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7                   IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 JUAN LORENZO RANKIN,

10            Plaintiff,               No. CIV 2:11-cv-0145-MCE-JFM

11       vs.

12 SUISIN POLICE DEP'T, et al.,

13            Defendants.            <u>NOTICE OF AMENDMENT</u>

14 _____/

15           Plaintiff hereby submits the following document in compliance with the court's

16 order filed _____:

17         _____      Second Amended Complaint

18 DATED:

19

20

21                                      Plaintiff

22

23

24

25

26

5