IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN LORENZO RANKIN,

     Plaintiff,                         No. CIV 2:11-cv-0145-MCE-JFM

     vs.

SUISIN POLICE DEP'T, et al.,

     Defendants.                  ORDER

_____/

        On July 12, 2012, the court held a status conference in this case. Juan Rankin appeared in pro per. Erika Scott appeared on behalf of defendants. At the conference, discussion was also had regarding plaintiff's June 25, 2012 motion to amend. Upon consideration of the status reports on file in this action, plaintiff's motion to amend and defendants' opposition, discussion of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS

        By order filed August 18, 2011, plaintiff's first amended complaint was found to state a claim against defendants Arroyo, Sousa and Martinez, but not as to any of the remaining named defendants (the Suisun Police Department and Eric Riley). Plaintiff was provided an opportunity to file a second amended complaint ("SAC") within thirty days and was cautioned that if he did not file a SAC, the court would proceed with the first amended complaint as screened in the August 18, 2011 order. Because plaintiff did not file a SAC within the requisite

time period, the court ordered service as to defendants Arroyo, Sousa and Martinez. See Doc. No. 12. Pending before the court now is plaintiff's June 25, 2012 motion to amend and a copy of a SAC. Plaintiff does not explain why he is filing his SAC many months after leave to amend was granted. Defendants oppose plaintiff's request to amend on the grounds that the motion is untimely, they will be prejudiced, and, lastly, leave to amend would be futile.

The court has reviewed the SAC and finds that it names the same individual defendants identified above, but also again names the Suisin Police Department and additionally names the Suisin City Police ABAG Insurance Plan. The SAC sets forth detailed allegations concerning his arrest and excessive force claim against defendants Arroyo, Sousa and Martinez. He also adds a new claim for sexual harassment / sexual assault against defendant Sousa.

As to the Suisun Police Department, this is plaintiff's third attempt to state a claim against this entity and has again failed to assert any charging allegations in support of a claim. Plaintiff has now twice been informed that to impose municipal liability under § 1983 for a violation of constitutional rights, he must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Doc. Nos. 3, 6. Because plaintiff has failed for a third time to make this showing, the Suisun Police Department will be dismissed with prejudice.

As to the Suisin City Police ABAG Insurance Plan, plaintiff brings claims for declaration of insured status, breach of the insurance contract, breach of the duty of good faith and fair dealing, and for violation of the Consumer Protection Act. Plaintiff, however, sets forth no allegations as to this defendant.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend is partially granted. This action will proceed on plaintiff's June 25, 2012 SAC as to defendants Arroyo, Sousa, and Martinez, including plaintiff's new sexual harassment / sexual assault claim as to Sousa. Defendant Suisun

1  Police Department is dismissed from this action with prejudice.  Defendant Suisin City Police
2  ABAG Insurance Plan is dismissed from this action without prejudice.
3        2.  The parties shall exchange lists of expert witnesses no later than October 8,
4  2012.  The parties are reminded of their obligation to supplement these disclosures when
5  required under Fed. R. Civ. P. 26(e)(1).
6        3.  Rebuttal expert disclosures shall be due on or before November 12, 2012.
7        4.  Discovery shall be completed, and any motions pertaining to discovery shall be
8  noticed so as to be heard on or before January 7, 2013.
9        5.  Dispositive motions shall be noticed to be heard by March 11, 2013.
10       6.  The pretrial conference is set for May 16, 2013 at 2:00 p.m. before the
11 Honorable Morrison C. England.  Pretrial statements are due by April 18, 2013.
12       7.  A jury trial of this matter is set for July 15, 2013 at 9:00 a.m. in Courtroom 7
13 before the Judge England.  The parties shall file trial briefs pursuant to Local Rule 285.
14 DATED: August 23, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;rank0145.so_sac