IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN LORENZO RANKIN,

Plaintiff, No. 2: 11-cv-0145 MCE JFM

vs.

SUISUN POLICE DEPARTMENT, et al.,

Defendants. ORDER

_________________________________/

Plaintiff is proceeding pro se with his complaint. On September 21, 2012, defendants filed their first motion to compel responses to defendants' set one special interrogatories and set one request for production of documents. (See Dkt. No. 30.) Defendants also requested their expenses associated with having to bring their first motion to compel. The matter was heard on October 18, 2012. The motion to compel was granted and plaintiff was ordered to submit responses to defendants' set one special interrogatories and set one request for the production of documents on or before October 25, 2012. (See Dkt. No. 39.) The court reserved ruling on defendants' request for expenses. (See id.)

On October 17, 2012, defendants filed their second motion to compel responses to their set two special interrogatories and set two request for the production of documents. (See Dkt. No. 32.) Defendants also requested their expenses associated with bringing their second

motion to compel. On October 26, 2012, plaintiff filed his responses to defendants' discovery requests with the court.[1] Defendants' second motion to compel was heard on November 8, 2012.

At the November 8, 2012 hearing, defendants' represented to the court that plaintiff's responses to defendants discovery requests answered the outstanding requests set forth in their second motion to compel. Thus, defendants' second motion to compel will be denied as moot. However, the court took defendants' request for expenses associated with bringing the second motion to compel under advisement. Therefore, presently pending before the court are defendants' requests for expenses associated with bringing their two motions to compel.

Federal Rule of Civil Procedure 37(d)(1) provides in relevant part:

> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> > (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear fro that person's deposition; or
> > (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

FED. R. CIV. P. 37(d)(1)(A)(i)-(ii). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1)(B). Pursuant to Federal Rule of Civil Procedure 37(d)(3), the sanctions that may be imposed are those listed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).[2]

---

[1] At the October 18, 2012 hearing, plaintiff was ordered to file his discovery responses with the court as well as serve them on defendants.

[2] The sanctions listed in that part of the rule include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action,

In this case, plaintiff is proceeding pro se and in forma pauperis. Plaintiff's discovery responses resolved defendants' second motion to compel that was filed on October 17, 2012 thereby mooting that motion. Under these circumstances, while the court is sympathetic to the expenses incurred by defendants in bringing their motions to compel, the court finds that awarding expenses against plaintiff at this time is unjust. However, plaintiff is warned that any further failure to comply with the Federal Rules of Civil Procedure and/or the Local Rules may result in the award of expenses and/or sanctions to defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Dkt. No. 32.) is DENIED; and

2. Defendants' requests for sanctions/expenses (See Dkt. Nos. 30 & 32.) associated with bringing their two motions to compel are DENIED.

DATED: January 7, 2013.

UNITED STATES MAGISTRATE JUDGE

14
rank0145.expense

---

as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part; [or]
(vi) rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).